1

2

3

4

5

6

7

8        UNITED STATES DISTRICT COURT

9        EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:06-CR-00255-MCE

12              Plaintiff,

13      v.                                   **ORDER**

14   JAMES LEE MCCURIN,

15              Defendant.

16

17       Defendant James Lee McCurin ("Defendant") pled guilty to Possession of

Cocaine Base with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) in October

18

19   2006.  He was sentenced on April 24, 2007, to a prison term of one hundred and twenty

(120) months followed by a sixty (60) month term of supervised release.  He was

20

21   released in February 2015 but is now back in custody after having admitted to violating

the terms of his supervision.  According to the Petition, ECF No. 33, on February 27,

22

23   2019, Defendant was arrested by California Highway Patrol officers after they observed

the vehicle Defendant was driving speeding and weaving.  During the course of that

24

25   stop, a K-9 alerted to the vehicle, which led to a search that uncovered 7-9 ounces of

individually packaged "crack" cocaine and $3,000 in currency in the center console.

26

27       Defendant completed a state custodial sentence before being remanded to

federal custody this year.  He made his initial appearance in this district on March 27,

28

1

1   2020, and a detention hearing was held that same day.  On August 6, 2020, Defendant

2   was sentenced to twenty-five (25) months imprisonment.

3           Presently before the Court is Defendant's Emergency Motion to Reduce

4   Sentence.  ECF No. 75.  The Government opposes Defendant's request.  ECF No. 80.

5   For the reasons that follow, his Motion is DENIED.

6           Defendant contends that "extraordinary and compelling circumstances" exist such

7   that his sentence should be reduced immediately to time served.  More specifically,

8   according to Defendant, "[c]ontracting COVID-19 puts [him] at grave risk of death or

9   illness because he has multiple, active, documented medical conditions, including

10  diabetes, obesity, and hypertension, all of which are conditions the Center for Disease

11  Control recognizes as posing special risks to persons with COVID-19."  ECF No. 75 at 1.

12  "These conditions are exacerbated by his age (62) and ethnicity (African-American),

13  which are factors recognized as increasing his COVID-19 risks."  Id.  Even if Defendant's

14  medical issues are sufficient to justify compassionate release, however, Defendant's

15  release would be inappropriate.

16          "'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes

17  a final judgment' and may not be modified by a district court except in limited

18  circumstances."  Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original;

19  quoting 18 U.S.C. § 3582(b)).  Those circumstances are delineated in 18 U.S.C.

20  § 3582(c).  "Effective December 21, 2018, the First Step Act of 2018 amended 18 U.S.C.

21  § 3582(c)(1)(A) to permit an inmate, who satisfies certain statutorily mandated

22  administrative procedures, to file a motion with the district court for compassionate

23  release."  Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020)

24  (citing 18 U.S.C. § 3582(c)(1)(A)).  That statute now provides:

25          **(c) Modification of an imposed term of imprisonment**.—
            The court may not modify a term of imprisonment once it has
26          been imposed except that—

27          (1) in any case—

28          (A) the court, upon motion of the Director of the Bureau of

2

Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction;

. . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

"Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly petition a district court for compassionate release, removing the BOP's prior exclusive gatekeeper role for such motions." Riley, 2020 WL 1819838, at *5.  "The statute now provides the court with authority to reduce a sentence upon the motion of a defendant if three conditions are met:  (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement." Id. (footnote omitted).

The starting point for the policy statement referenced in the third prong is United States Sentencing Guidelines ("USSG") § 1B1.13, which provides:

[T]the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--

(1)(A) Extraordinary and compelling reasons warrant the reduction; or

> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

Since Defendant is less than 70 years old and was not sentenced pursuant to 18 U.S.C. § 3559(c), he is only "entitled to relief if he demonstrates that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) he is not a danger to the safety of others or the community, and (3) any requested reduction is consistent with the policy statement." Riley, 2020 WL 1819838, at *6.

"The Sentencing Commission's application notes to this policy statement provide further guidance." Id. Indeed, the notes explain that "extraordinary and compelling reasons" exist when:

> (A) Medical Condition of the Defendant.
>
>      . . . .
>
>      (ii) The defendant is—
>
>           (I) suffering from a serious physical or medical condition,
>
>           (II) suffering from a serious functional or cognitive impairment, or
>
>           (III) experiencing deteriorating physical or mental health because of the aging process,
>
>           that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis added).

Here, Defendant contends he suffers from serious physical or medical conditions that make him particularly vulnerable to COVID-19 such that he qualifies for release. The burden is on Defendant. United States v. Holden, 2020 WL 1673440, at *3 (D. Or.

1   Apr. 6, 2020).  He has not met that burden here.

2   After considering all of the circumstances of this case, including the factors under

3   18 U.S.C. § 3553(a), the Court agrees with the Government that, even assuming

4   Defendant's medical conditions are sufficient to qualify him for consideration for release,

5   which this Court does not decide, such release would be inappropriate both under §

6   3553(a) and because Defendant remains a danger to the community.

7   As this Court has already explained:

> Without more, the facts that Defendant is aging and has diabetes do not justify release. To the contrary, Defendant's arrest underlying the current petition occurred when he was already in his sixties, he had fairly recently served a ten-year sentence in the Bureau of Prisons, and he knew he was still under formal supervision. He was nonetheless caught speeding and weaving in and out of traffic with a significant amount of individually packaged crack cocaine and cash in his car. All of this exists against a backdrop of a criminal history dating back to the late 1970s. History indicates that Defendant will continue to traffic if released and thus he presents a substantial danger to the community. Indeed, "[t]he best predictor of how [Defendant] will behave if he were to be released is how he has behaved when released in the past, and his track record is a poor one." [United States v. Martin, 2020 WL 1274857] at *4 [(D. Md. Mar. 17, 2020)].

> Moreover, the fact that this Defendant cannot be trusted to follow the law is no longer just a source of concern to the extent he may continue to contribute to the cycle of drugs and violence that accompany trafficking crimes. Instead, Defendant's unwillingness or inability to adhere to directives is now an even more fundamental danger to the community.

20   ECF No. 51 at 3-4.  Given the foregoing, Defendant has not demonstrated he is no

21   longer a danger to the community.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

Nor do the § 3553(a) factors support release.  Defendant has not served even half of his sentence, a sentence imposed for Defendant's breach of this Court's trust and the terms of his supervised release.  His sentence was sufficient but not greater than necessary at the time it was imposed, and it remains so now.  Having found that Defendant is a danger to the community and having considered all of the factors set forth in § 3553(a), the Court thus concludes that release would be inappropriate. Defendant's Motion for Compassionate Release (ECF No. 75) is DENIED.   !!

IT IS SO ORDERED.

Dated:  December 30, 2020

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE